EDWARD Y. LAYNG, PETITIONER-APPELLANT, v. STORCH TRUCKING CO., INC., RESPONDENT-APPELLEE.

Hudson County Court
Law Division

Decided January 4, 1952.

556

Mr. *Robert C. Gruhin,* attorney for petitioner-appellant (*Mr. Aaron Gordon,* of counsel).

Messrs. *Toner, Speakman & Crowley,* attorneys for respondent-appellee (*Mr. Robert A. Vanderbilt,* of counsel).

DREWEN, J. C. C.   Petitioner was employed by respondent as driver of a motor truck.   He claims an award for total blindness.   The basic proof relied on is that on April 24, 1947, the truck, driven by petitioner in the regular course of his work, ran over a roadway bump, causing petitioner's head to strike with some violence against the cab roof; that as a result of the blow to his head petitioner, at or about 6 P. M. on the day following and while driving his truck in the City of New York, experienced a sudden and grievous dimming of vision that obliged him to remain where he was and to call the office for someone to drive the truck to the garage and convey him to his home; and that there promptly ensued, in further consequence of the blow, a double retinal detachment and total blindness.   The question for decision is whether respondent had knowledge of the occurrence of the injury within the intendment of *R. S.* 34:15–17.

At the hearing, upon completion of petitioner's main case, respondent submitted only such proof as tended to show noncompliance with the cited section respecting notice and knowledge.   It thereupon moved for dismissal of the claim on the ground of such non-compliance, at the same time reserving the right to submit its case on the merits should

the motion be denied. The motion was granted and the claim dismissed. This appeal is to review the dismissal.

I find from the record of proceedings in the Bureau that respondent had timely knowledge of petitioner's loss of sight while driving his truck on April 25. I find also that it did not have knowledge within the statutory period of the aforementioned occurrence of April 24. I take it that respondent does not really contend it was not promptly informed of the occurrence of April 25. Its secretary testified that on the Monday following he "was told by one of the dispatchers that on Friday evening it had been necessary for them to send another driver over to New York in order to bring Layng in with his truck because he had suddenly gone blind." With regard to the alleged occurrence of the 24th, while there are references in the testimony that might be availed of to support the view that the employer had been given notice of that day's happening, they are vague and inconclusive and certainly create no preponderance. The overwhelming preponderance is to the contrary and includes the testimony of petitioner himself. It compels the finding that the employer did not have knowledge of the happening of April 24, "within ninety days after the occurrence of the injury." (*R. S.* 34:15–17.)

What respondent contends is that the knowledge I find it to have had is not enough to constitute compliance with the statute. The injury here claimed, it must be remembered, is the retinal detachment. Any roadway bump that may be proved can have no other relation to the injury but that of causal evidence. From this it follows, in my opinion, that knowledge of the roadway bump and the resulting blow to the head was not essential to the information it was respondent's right to have. What is called for is knowledge of the injury and no more. Our courts clearly so hold. In *General Cable Co. v. Levins*, 122 *N. J. L.* 383 (*Sup. Ct.* 1939), affirmed 124 *N. J. L.* 223 (*E. & A.* 1940), the claim was similar to the present one. There, too, the workman had failed to mention the blow on the head

which was claimed to have induced the blindness. Our former Supreme Court said: "We are firmly of the opinion, however, that the actual knowledge of the employer under *R. S.* 34:15-17 need not be either of the cause of the injury or of the resultant consequences." See also opinion of the Court of Errors and Appeals, *Ibid., supra.* In *Cavanaugh v. Murphy Varnish Co.*, 130 *N. J. L.* 107 (*Sup. Ct.* 1943), affirmed 131 *N. J. L.* 163 (*E. & A.* 1943), the employer had timely knowledge of a pulmonary hemorrhage suffered by the workman but none as to the lifting strain claimed to have brought it on. The Supreme Court said (*p.* 111): "We see no merit in the claim of lack of adequate notice. We think the notice to the employer was sufficient, having in mind that the requirement is notice of injury as distinguished from notice of an accident for which compensation is to be claimed." And knowledge of the injury is not invalidated by the fact that it derives from hearsay. *Korman v. Hygrade Food Products Corp.*, 131 *N. J. L.* 188 (*E. & A.* 1944), affirming 130 *N. J. L.* 468 (*Sup. Ct.* 1943).

Respondent's contention appears to rest mainly on the latter case, and also on *Bobowinik v. Erie R. R. Co.*, 118 *N. J. L.* 118 (*Sup. Ct.* 1937). Neither of these decisions has any present application. In the *Bobowinik* case the court observes "there is no claim * * * that the employer had knowledge of any injury received by the employee * * *. The most that appears is that the wife went to the Penhorn Shop of the company and told someone seated at a desk that she was the wife of John Bobowinik and that she wanted a doctor." In the *Korman* case the claim was that petitioner's decedent had been struck on the head by the swinging rear door of a truck, this having been followed within an interval of two weeks by hospitalization and death. But the only "knowledge" respecting anything in this entire episode the employer had was information received during the workman's confinement to the hospital that he was there suffering from general hemorrhage, there being nothing to indicate a relation between his ailment and his work. Beyond

this there was simply the fact that three days after the alleged injury the workman had reported ill and failed to return to work the next day. The proof in both of these cases contrasts sharply with the present situation in which the employer knew that the claimed injury was suffered by the workman and that it had occurred in the regular course of his employment, as already described.

A further observation can be made which I think gives added support to the view herein expressed. Respondent argues that in addition to its knowledge of the injury it was entitled also to know of the claimed accident, that is the alleged head blow of April 24. If that proposition is valid it means that in the mind of the workman, or other person imparting the knowledge, the two things would have to be associated in something of a cause and effect relation; for otherwise it would never, in all likelihood, occur to the informant, in telling of the sudden blindness, to tell also of what to him was the unrelated and possibly unthought of happening on the day before. The point is that this joining of the two events into a single significance must involve a degree of intellection, however slight, which quite obviously it was never the design of the statute. to require. Another way of putting it is to say that if respondent were to carry its point the effect would be, in circumstances like these, to subject the legality of the claim to a test of perceptiveness in the information given the employer, concerning the nature and cause of the injury, a technicality the statute avoids by confining the required knowledge to the injury alone.

██ Needless to say, this decision on the point submitted can in no way qualify or lessen petitioner's obligation to establish by a preponderance of proof every material element of his claim.

The motion to dismiss for non-compliance with *R. S.* 34:15–17 is denied. The case is remanded for completion of the hearing and determination thereon.